SUMMARY ORDER
Defendant-Appellant Michael McGowan (“McGowan”) appeals from a July 20, 2006 judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.), sentencing him principally to 240 months of imprisonment, following a guilty plea to the charge of attempted receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). We assume the parties’ familiarity with the facts and procedural history of the case, which we reference only as necessary to explain our decision.
McGowan argues that his 240-month sentence, the statutory maximum applicable to defendants with no prior convictions relating to child pornography or abusive sexual contact involving a minor, see 18 U.S.C. § 2252A(b), and substantially higher than the 87 to 108 month Guidelines range calculated by the district court, must *340 be vacated. Specifically, McGowan claims that the district court (1) failed to provide adequate notice of its intent to impose a non-Guidelines sentence; (2) erred in calculating his Guidelines range under Section 2G2.2 of the U.S. Sentencing Guidelines, see U.S.S.G. § 2G2.2 (Nov.2003);[2] (3) improperly imposed a non-Guidelines sentence without first sua sponte considering and applying potentially applicable Guideline departures; (4) inadequately justified the extent of the variance; and (5) imposed a substantively unreasonable term of imprisonment.
We review a district court’s sentencing determination for procedural and substantive reasonableness, a standard “akin to review for abuse of discretion.” United States v. Fernandez, 443 F.3d 19, 27 (2d Cir.2006). An appellate court
must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range.
Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). In reviewing for substantive reasonableness, an appellate court must “take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.” Id. We “may consider the extent of the deviation, but must give due deference to the district court’s decision that the § 3553(a) factors, on a whole, justify the extent of the variance.” Id.
Initially, we note that McGowan’s claim of inadequate notice is without merit. On July 14, 2006, the district court notified the parties that it was “considering a departure from the applicable [Gjuideline range based upon the Defendant’s conduct alleged in the second addendum to the Presentence Report and the post-plea conduct alleged in the third addendum to the Presentence Report.” App. 36. In light of the Supreme Court’s recent decision in Irizarry v. United States, — U.S. -, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008), holding that neither the Due Process Clause nor the Federal Rules of Criminal Procedure require prior notice in the case of a Guidelines variance, and the fact that McGowan’s sentence was a variance, McGowan’s claim of inadequate notice fails.
McGowan next claims that the district court should not have calculated his Guidelines range under U.S.S.G. § 2G2.2, but should have employed § 2G2.4 instead, since the government did not prove that McGowan attempted to receive child pornography with intent to traffic. Because he raises this argument for the first time on appeal, we review for plain error. See United States v. Gordon, 291 F.3d 181, 190-91 (2d Cir.2002) (plain error applies with full rigor where sentencing decision did not cause surprise and party had full opportunity to object). To establish plain error, a defendant must show (1) error, (2) that is plain, and (3) that affects the defendant’s substantial rights; this Court may then exercise its discretion to correct the error when it “seriously affect[s] the fair *341 ness, integrity or public reputation of judicial proceedings.” United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (alteration in original) (internal quotation marks omitted). For an error to be plain, “it must, ‘at a minimum,’ be ‘clear under current law.’ ” United States v. Weintraub, 273 F.3d 139, 152 (2d Cir.2001) (quoting United States v. Feliciano, 223 F.3d 102, 115 (2d Cir.2000)); see also United States v. Zillgitt, 286 F.3d 128, 138 (2d Cir.2002) (“An error is ‘plain’ if it deviates from an established rule that is ‘clear’ or ‘obvious’ ... at the time of appellate review.”).
The Sentencing Guidelines direct a district court to employ either § 2G2.2 or § 2G2.4 for a conviction under 18 U.S.C. § 2252A. See U.S.S.G. § 1B1.2, app. A. Where, as here, the Guidelines’ Statutory Index specifies more than one offense Guideline, the court must “use the Guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted.” Id. app. A (Introduction); see also id. § IB 1.2 application note 1.
Our recent decision in United States v. Irving, 554 F.3d 64 (2d Cir.2009), indicates that the district court did not err in applying § 2G2.2 rather than § 2G2.4. Construing the 1998 version of the Guidelines, this Court found that “[njothing ... in Guidelines § 2G2.2 imposed any intent-to-traffic requirement with respect to an offense of receiving such material.” Id. at 74. Similarly, nothing in the 2003 version of Guidelines § 2G2.2 imposed any intent to traffic requirement. As this Court recognized in Irving, the title of § 2G2.2 indicates its applicability to the offense of attempted receipt of child pornography: “Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting, Shipping, or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor with Intent to Traffic.” See U.S.S.G. § 2G2.2 (emphasis added). In contrast, the 2003 version of Guidelines § 2G2.4 is captioned “Possession of Materials Depicting a Minor Engaged in Sexually Explicit Conduct.” See U.S.S.G. § 2G2.4 (emphasis added). Hence, there was no plain error here.
We find that McGowan’s sentence was otherwise procedurally reasonable and that the specific arguments he raises on appeal, namely that the court did not sua sponte consider and apply potentially available departures and did not adequately justify the extent of its variance, are unavailing. The court properly calculated the applicable Guidelines range, and considered this range along with the other § 3553(a) factors. See United States v. Selioutsky, 409 F.3d 114, 118 (2d Cir.2005); United States v. Crosby, 397 F.3d 103, 111-14 (2d Cir.2005). Neither party requested a Guidelines departure, and there is no basis in the record to find that the court failed to consider pertinent Guidelines policy statements setting forth permissible departure authority. That some of the facts considered by the court could also have been potential bases for Guidelines departures, and that the court chose to impose a non-Guidelines sentence without determining precisely which departures hypothetically could apply, does not create procedural error. See Selioutsky, 409 F.3d at 118 (“[T]he sentencing judge must consider the factors set forth in 18 U.S.C. § 3553(a), including the applicable Guidelines range and available departure authority. The sentencing judge may then impose either a Guidelines sentence or a non-Guidelines sentence.” (citation omitted)); accord United States v. Canova, 485 F.3d 674, 679 (2d Cir.2007); cf. United States v. Fairclough, 439 F.3d 76, 81 (2d Cir.2006) (affirming non-Guidelines sen *342 tence as reasonable, and noting, in support of this holding, that the facts and grounds relied upon could have potentially supported various Guidelines departures); United States v. Canova, 412 F.3d 331, 358 n. 28 (2d Cir.2005) (“We ... reiterate our obseivation in Crosby that, after Booker, a district judge can fairly consider policy statements concerning departures and fairly decide to impose a non-Guidelines sentence without ‘definitively resolv[ing]’ close questions regarding the ‘precise meaning or application of a [departure] policy statement.’ ” (alterations in original) (quoting Crosby, 397 F.3d at 112)). Further, because the court imposed a non-Guidelines sentence, McGowan’s argument that the court failed to follow the procedures applicable to departures under U.S.S.G. § 4A1.3 is unavailing.
Bearing in mind that “a major departure should be supported by a more significant justification than a minor one,” Gall, 128 S.Ct. at 597, we find that the court adequately explained the chosen sentence in this case. At sentencing and in its Statement of Reasons, the court specifically noted the factual findings it made following an evidentiary hearing held prior to sentencing. The district court found that the government had proved by a preponderance of the evidence that McGowan sexually abused a minor on at least three prior occasions. This conduct triggered a five-point enhancement in McGowan’s Guidelines calculation. See U.S.S.G. § 2G2.2(b)(4). The court also found that McGowan continued to contact this same minor, by both mail and telephone, while incarcerated and awaiting sentencing on the instant offense. The court characterized the telephone conversations as “explicit and sexual in nature,” app. 51, and noted that the conversations “alluded to” McGowan’s “sexual activity with a minor in approximately 2002.” Statement of Reasons at 4. Based on these facts, the court determined that McGowan is a “serious threat to any community, the children of any community to which [he] would be released,” and explained that the sentencing goals of community protection, punishment, and deterrence, while considering “the likelihood of rehabilitation,” require “a sentence which is substantially higher than that outlined in the [Guidelines.” App. 66-67. Given the court’s specification of the facts warranting this substantial variance and the discrete § 3553(a) factors to which they relate, we find the court’s justification sufficient to permit appellate review and to promote the perception of fair sentencing. See Gall, 128 S.Ct. at 597.
We also conclude that McGowan’s 240-month sentence is substantively reasonable.[3] While it is the maximum term authorized by statute for a defendant with no prior convictions for sexual exploitation of a minor, see 18 U.S.C. § 2252A(b), and is significantly greater than McGowan’s advisory Guidelines range of 87 to 108 months, the sentence does not constitute an abuse of discretion in light of the facts found by the district court. McGowan’s prior exploitation of a minor, including three instances of sexual abuse and taking naked *343 pictures, and the use of child pornography and his position as an air marshal in perpetrating these acts, could reasonably be found to establish a longer and more serious history of child exploitation than that reflected in the Guidelines calculation. While McGowan received a five-point enhancement for engaging “in a pattern of activity involving the sexual abuse or exploitation of a minor,” U.S.S.G. § 2G2.2(b)(4), which means “any combination of two or more separate instances of the sexual abuse or exploitation ... by the defendant,” id. § 2G2.2 application note 1, the court could have reasonably found that McGowan’s “situation is different from the ordinary situation covered by the [Guidelines calculation,” warranting a lengthier sentence. United States v. Sindima, 488 F.3d 81, 87 (2d Cir.2007). McGowan also used his position as an air marshal to falsely claim that he was conducting an investigation when confronted by law enforcement personnel about his child pornography collection. Moreover, in his post-plea telephone conversations, McGowan not only alluded to prior sexual activity between himself and the minor, but also actively encouraged the minor to engage in sexual activity with another young boy, and requested that he send photographs of both. These actions support the district court’s conclusion that the nature and circumstances of the offense, and the history and characteristics of the defendant, require a lengthy sentence. See 18 U.S.C. § 3553(a)(1). The fact that McGowan continued to victimize the minor after pleading guilty to the child pornography offense, and while incarcerated, buttresses the district court’s determination that 'the statutory maximum would serve the purposes of sentencing outlined in § 3553(a)(2). Further, consideration of the applicable Guidelines range, see id. § 3553(a)(4), and the need to avoid unwarranted sentencing disparities, see id. § 3553(a)(6), does not undermine the court’s conclusion. McGowan’s uncharged, but undisputed, prior conduct and post-plea actions reasonably support a sentence at the top of the statutory range applicable to those defendants with no prior child pornography or child sex abuse convictions. Given the totality of circumstances in this case, the district court’s explanation, and the deference owed “to the district court’s decision that the § 3553(a) factors, on a whole, justify the extent of the variance,” Gall, 128 S.Ct. at 597, we conclude that McGowan’s 240-month sentence is substantively reasonable.
For the foregoing reasons, the judgment of the district court is AFFIRMED.

. To avoid ex post facto issues, McGowan’s offense level was calculated according to the November 2003 edition of the United States Sentencing Guidelines. PSR, ¶ 28. Unless otherwise indicated, all Guidelines references are to the November 2003 edition. See United States v. Fitzgerald, 232 F.3d 315, 319 (2d Cir.2000) (“A version of the sentencing [G]uidelines is to be applied in its entirety.” (internal quotation marks omitted)).

. In addition to arguing that McGowan's non-Guidelines sentence is substantively unreasonable, McGowan argues that his sentence could not be justified as an upward departure, or combination of departures, pursuant to U.S.S.G. § 2G2.2 application note 2, or U.S.S.G. § 4A1.3. Because the district court imposed a non-Guidelines sentence, and did not rely on either of these provisions as a basis for an upward departure, these arguments are beside the point. Having concluded that the district court's sentence was " 'procedurally sound,' we must 'take into account the totality of the circumstances' and ‘consider the substantive reasonableness of the sentence.’" United States v. Jones, 531 F.3d 163, 170 (2d Cir.2008) (quoting Gall, 128 S.Ct. at 597).