09-3080-cr
*USA v. Wimble*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of July, two thousand and ten.

PRESENT: BARRINGTON D. PARKER,
        RICHARD C. WESLEY,
               *Circuit Judges*,
        RICHARD W. GOLDBERG,
               *Judge.*[*]

---

UNITED STATES OF AMERICA,

        *Appellee*,

    -v.-                         09-3080-cr

RICHARD WIMBLE,

        *Defendant-Appellant.*

---

[*] The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

1

FOR APPELLANT:     E. M. ALLEN, Stetler, Allen & Kampmann, Burlington, VT.

FOR APPELLEE:      TIMOTHY C. DOHERTY, Jr., Assistant United States Attorney (Gregory L. Waples, *on the brief*) for Tristam J. Coffin, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Sessions, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Richard Wimble ("appellant") appeals from a judgment of the United States District Court for the District of Vermont (Sessions, *C.J.*), convicting him following a guilty plea to possessing a firearm while being an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). Appellant was sentenced principally to thirty months' imprisonment to be followed by a supervised release term of two years. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

First, appellant contends that the district court erred in its Guidelines calculation by denying him a three level reduction for acceptance of responsibility pursuant to

2

U.S.S.G. § 3E1.1. Specifically, he argues that the district court's reliance on his post-plea misconduct was insufficient to justify the court's refusal to extend the reduction. That argument fails. Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," his or her determination in that regard is entitled to "great deference on review." *United States v. Ortiz*, 218 F.3d 107, 109 (2d Cir. 2000) (quoting U.S.S.G. § 3E1.1, comment n.5). Here, the sentencing judge was influenced in part by the fact that appellant was involved in multiple crimes subsequent to his guilty plea – including accessory after the fact to attempted assault and robbery. We have long recognized that "[o]ne factor that the sentencing court may take into account in deciding whether a defendant has accepted responsibility is whether he has voluntarily terminated all criminal conduct." *United States v. Fernandez*, 127 F.3d 277, 285 (2d Cir. 1997). Because the lower court's determination that appellant did not accept responsibility for his actions was not "without foundation," it will not be disturbed. *See Ortiz*, 218 F.3d at 108 (internal quotation marks omitted).

Next, appellant argues that the district court improperly imposed a four-level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(6),[1] based on the appellant's transfer of a firearm in exchange for narcotics. That argument is also meritless. Because the firearm's presence was not "merely coincidental" to the transfer of the firearm in exchange for narcotics, a separate felony, 18 U.S.C. § 924(c), the requirement for imposition of the enhancement was satisfied. *See United States v. Shepardson*, 196 F.3d 306, 314-15 (2d Cir. 1999). The fact that the firearm was used as collateral in a bartering transaction instead of as a weapon does not mean that the adjustment was improper. *C.f. United States v. Smythe*, 363 F.3d 127, 129-30 (2d Cir. 2004).

Finally, appellant maintains that the district court's reliance on his post-plea misconduct as a basis for denying him a reduction for acceptance of responsibility, as well as for refusing to extend a variance pursuant to 18 U.S.C. § 3553 and for denying a downward departure, constituted impermissible "double" or "triple counting." That argument

---

[1] This provision provides for an adjustment if the "defendant used or possessed any firearm ... in connection with another felony offense; or possessed or transferred any firearm ... with ... reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6).

4

misses the mark. "After *Booker*, assuming the sentence is not based on a misunderstanding of the Guidelines, we will vacate a sentence only if it is unreasonable." *United States v. Reyes*, 557 F.3d 84, 88 (2d Cir. 2009). To the extent the appellant suggests that a sentencing court may not consider the same factors – such as a defendant's criminal conduct, his history and character, and other relevant circumstances – through the exercise of its discretion under § 3553(a) that it considered elsewhere in the Guidelines calculation, we firmly disagree. "We have repeatedly held ... that a district court calculating a Guidelines sentence may apply multiple Guidelines provisions based on the same underlying conduct where that is the result clearly intended by Congress and the Sentencing Commission." *United States v. Maloney*, 406 F.3d 149, 152 (2d Cir. 2005).

We have considered the appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

5