12-4295-cr
United States v. Garcia

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand thirteen.

PRESENT:  CHESTER J. STRAUB,
          REENA RAGGI,
          PETER W. HALL,
                    *Circuit Judges*.

------------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

          v.                                        No. 12-4295-cr

KHADDY GARCIA, a/k/a Miguel Garcia, a/k/a Mike,
                    *Defendant-Appellant*.

------------------------------------------------------------------------------------

APPEARING FOR APPELLANT:      RYAN THOMAS TRUSKOSKI, ESQ., Harwinton, Connecticut.

APPEARING FOR APPELLEE:       SERRIN A. TURNER (Michael A. Levy, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 10, 2012, is AFFIRMED.

Khaddy Garcia, who stands convicted following a guilty plea for wire fraud, see 18 U.S.C. § 1343, and bank fraud, see id. § 1344, proceeds through counsel and pro se to challenge his 120-month prison sentence as procedurally and substantively unreasonable, as well as violative of the Double Jeopardy Clause, see U.S. Const. Amend. V. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Procedural Unreasonableness

Garcia asserts that the district court committed procedural error in miscalculating his Guidelines range at 63 to 78 months and failing adequately to justify its upward variance from that range pursuant to 18 U.S.C. § 3553(a). See United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (stating that district court commits procedural error, inter alia, where it miscalculates Guidelines, does not consider § 3553(a) factors, or does not adequately explain its deviation from Guidelines). Because Garcia failed to preserve these objections below, we review only for plain error. See United States v. Marcus, 130 S. Ct. 2159, 2164 (2010). We conclude that the district court did not commit error, let alone plain error.[1]

_____

[1] Insofar as Garcia argues that he preserved his claims of procedural error by arguing to the district court that the § 3553(a) factors warranted a sentence below the applicable

2

Garcia's claim that the district court miscalculated his Guidelines range by relying on his expunged juvenile convictions is meritless.[2] Guideline § 4A1.2(d)(2) states that, except in limited circumstances, juvenile offenses committed more than five years before the crime at issue are not considered in calculating a defendant's applicable Guidelines range. Further, § 4A1.2(j) excludes expunged convictions from consideration. Consistent with these rules, Garcia's Presentence Investigation Report ("PSR") recommended that his juvenile convictions be assigned zero criminal history points under the Guidelines. The district court adopted the PSR in its entirety. Thus, it did not rely on Garcia's expunged juvenile convictions in calculating his Guidelines range, and it did not err in those calculations.

Nor did the district court fail adequately to justify its upward variance from the Guidelines range. In weighing the § 3553(a) factors, the district court determined that Garcia had been committing fraud since he was a juvenile; that his fraudulent schemes had become increasingly sophisticated; and that he had not been deterred by past prison sentences and, indeed, had committed one prior crime while awaiting sentencing for another. The district

Guidelines range, we reject that argument. See Fed. R. Crim. P. 51(b) (stating that, to preserve claim of error, party must inform court "of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection"); United States v. Villafuerte, 502 F.3d 204, 207–08 (2d Cir. 2007) (holding that plain error review applies where defendant does not object to district court's alleged failure properly to consider all § 3553(a) factors). In any event, because the district court did not commit procedural error, Garcia's challenge would fail even if we reviewed for abuse of discretion.

[2] Garcia points to no record evidence that his juvenile convictions were expunged. But even if we assume expungement, his miscalculation claim fails for the reasons stated in text.

court thus explained that it would sentence Garcia above the 63-to-78 month Guidelines range because that range did not adequately take into account Garcia's past criminal history, his heightened risk of recidivism, and his greater need for specific deterrence. Because the district court "explained with particularity [its] basis for disagreeing with the Guidelines recommendation," we perceive no procedural error. United States v. Cavera, 550 F.3d at 197 (affirming upward variance from Guidelines justified by need for additional deterrence).

Insofar as Garcia faults the district court for considering his expunged juvenile convictions in exercising its variance authority, that argument is defeated by both 18 U.S.C. § 3661 (recognizing district court authority at sentencing to consider any information pertaining to "background, character, and conduct" of person convicted of offense); see United States v. Cavera, 550 F.3d at 190–91; and 18 U.S.C. § 3553(a)(1) (identifying "history and characteristics" of defendant as relevant sentencing factor); see United States v. Reyes, 691 F.3d 453, 460 (2d Cir. 2012) (stating that district court may consider conduct underlying prior convictions under § 3553(a)(1)).

Equally meritless is Garcia's complaint that the district court failed to address each of his arguments for a reduced sentence. "[W]e entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise." United States v. Fernandez, 443 F.3d 19, 29 (2d Cir. 2006). This presumption is "especially forceful" where, as here, the district court makes it "abundantly clear that [it] has read the relevant submissions and that [it] has considered the

4

§ 3553(a) factors." Id. Garcia has pointed to nothing in the record that contradicts this presumption.

Garcia contends pro se that the district court committed procedural error by (1) sentencing him based on a personal opinion without regard to the Guidelines; (2) failing to order a mental health evaluation; (3) failing to give him credit for acceptance of responsibility; (4) miscalculating his restitution amount; and (5) colluding with the probation department in deciding to vary upward from his applicable Guidelines range. Nothing in the record supports these claimed errors.

Accordingly, we identify no procedural error in the district court's imposition of the challenged sentence.

2.      Substantive Unreasonableness

In asserting substantive unreasonableness, Garcia bears a heavy burden because we generally accord considerable deference to district judges' determinations as to the sentence warranted in a particular case, and we will set aside a sentence as substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted). This is not such an exceptional case. Although the district court imposed a sentence above Garcia's 63-to-78 month Guidelines range, the challenged 120-month sentence was not "so far above" the Guidelines range or "so inadequately explained by the sentencing judge as to require rejection on appeal." United States v. Sindima, 488 F.3d 81,

85 (2d Cir. 2007); see United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing that in "great majority of cases, a range of sentences—frequently extending well beyond the narrow ranges prescribed by the Guidelines—must be considered reasonable"). To the contrary, as already discussed, the district court explained in detail its upward-variance decision in considering the § 3553(a) factors, citing Garcia's juvenile criminal history, his need for additional specific deterrence, and his continued threat to the community. On this record, we defer to the "district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Pope, 554 F.3d 240, 246 (2d Cir. 2009) (internal quotation marks omitted).

In urging otherwise, Garcia argues that his past convictions were already taken into account in his Guidelines range. But, as previously noted, the Guidelines assigned zero criminal history points to Garcia's juvenile convictions. The district court reasonably concluded that Garcia's entire criminal history, including his juvenile misconduct, demonstrated a heightened risk of recidivism, requiring an upward variance specifically to deter Garcia from committing future crimes. See United States v. Fairclough, 439 F.3d 76, 80–81 (2d Cir. 2006) (upholding sentence 21 months greater than top of applicable Guidelines range based on defendant's lengthy criminal record and risk of recidivism).

3.    Double Jeopardy

Garcia argues that the district court violated the Double Jeopardy Clause when it imposed two consecutive 60-month sentences, after briefly misstating that the 60-month

6

sentences would run concurrently. Because Garcia did not raise this objection below, we review for plain error, see United States v. Irving, 554 F.3d 64, 78 (2d Cir. 2009), which we do not identify here.

"The Double Jeopardy Clause generally prohibits courts from enhancing a defendant's sentence once the defendant has developed a legitimate 'expectation of finality in the original sentence.'" United States v. Triestman, 178 F.3d 624, 630 (2d Cir. 1999) (quoting United States v. DiFrancesco, 449 U.S. 117, 139 (1980)). Here, after the district court's extended discussion of why it had decided to impose a sentence above the Guidelines range of 63 to 78 months, the district court stated: "I sentence you to 60 months for each count to run concurrently—I'm sorry, to run consecutively, not concurrently. Let me repeat that. I sentence you for 60 months for each count to run consecutively, not concurrently. That's a total of 120 months." Sent. Tr. 16:15–19, J.A. 37. Under these circumstances, there can be no serious argument that Garcia developed a legitimate expectation of finality in concurrent 60-month sentences based on the district court's brief misstatement. See United States v. Triestman, 178 F.3d at 630. The district court's imposition of a 120-month sentence thus did not violate the Double Jeopardy Clause.

4.    Ineffective Assistance of Counsel

Insofar as Garcia asserts a pro se claim of ineffective assistance of counsel, we decline to review the claim on direct appeal, leaving him to pursue it, if he so chooses, through the more appropriate vehicle of a petition pursuant to 28 U.S.C. § 2255. See Massaro v. United

7

<u>States</u>, 538 U.S. 500, 504–05 (2003); <u>accord</u> <u>United States v. Morris</u>, 350 F.3d 32, 39 (2d

Cir. 2003).

We have considered Garcia's remaining arguments on appeal and conclude that they

are without merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court