*United States v. Jordan*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand twenty-four.

PRESENT:
> AMALYA L. KEARSE,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                              23-6163-cr

DILLON JORDAN,
a/k/a SEALED DEFENDANT 1,

        *Defendant-Appellant*.

---

FOR APPELLEE: RYAN T. NEES, Assistant United States Attorney (Stephen J. Ritchin, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT: EVAN BIANCHI, Wiggin and Dana LLP, New York, New York (James I. Glasser, Wiggin

and Dana LLP, New Haven, Connecticut, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (John P. Cronan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on February 10, 2023, is **AFFIRMED**.

Defendant-Appellant Dillon Jordan appeals from a judgment of conviction following his guilty plea to one count of conspiring to violate the Mann Act, in violation of 18 U.S.C. § 371. Jordan's conviction arose from his operation of a prostitution business, based in California, which recruited women to engage in paid sex for his wealthy clients around the United States and abroad. Jordan operated this prostitution business from 2010 to 2017, generating at least $1.4 million in revenue. Although Jordan had been convicted and imprisoned in Cuba between 2002 and 2010 on charges arising from his participation in a prostitution business, no foreign conviction was included in his criminal history calculation under the United States Sentencing Guidelines (the "Guidelines"). *See* U.S.S.G. § 4A1.2(h). Thus, Jordan's advisory Guidelines range was twenty-one to twenty-seven months' imprisonment. At sentencing, the district court varied upwards under the sentencing factors set forth in 18 U.S.C. § 3553(a), and principally imposed a non-Guidelines sentence of sixty months' imprisonment, to be followed by three years' supervised release. On appeal, Jordan raises a procedural challenge to the sixty-month sentence based upon the district court's consideration of his prior conviction in arriving at the non-Guidelines sentence. Jordan acknowledges that, in general, a sentencing judge has the legal authority to consider convictions, including foreign convictions, that are not counted in the Guidelines calculation. *See, e.g.*, *United States v. Garcia*, 528 F. App'x 57, 59 (2d Cir. 2013) (summary order) (holding that expunged juvenile convictions could be considered as part of a defendant's "history and

2

characteristics" under Section 3553(a)(1) and provide a basis for an upward variance). Instead, Jordan asserts that the district court found that his foreign conviction did not warrant an upward departure from the Guidelines range under U.S.S.G. § 4A1.3 and, based upon that determination, was then precluded from relying upon that same conviction to support an upward variance in imposing his non-Guidelines sentence under the Section 3553(a) factors.

We apply a "deferential abuse-of-discretion standard" in reviewing a sentence for procedural error. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). A district court's reliance on an impermissible ground for the sentence renders a sentence procedurally unreasonable. *See United States v. Park*, 758 F.3d 193, 199 (2d Cir. 2014). Because Jordan did not object to the alleged procedural error during sentencing, we review only for plain error.[1] *See United States v. Ramos*, 979 F.3d 994, 998 (2d Cir. 2020). In so doing, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.[2]

Jordan argues that the district court procedurally erred because "[its] reliance on [his]

---

[1] Under the plain error standard, we "correct an error not raised at trial only where the [defendant] demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alterations adopted) (internal quotation marks and citation omitted).

[2] Although Jordan does not dispute that he failed to raise his procedural objection at sentencing, he contends that we should apply a relaxed plain-error standard of review, *see United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002), which would require him to demonstrate only "that there is an error, and that the error is clear and obvious," *United States v. Haverkamp*, 958 F.3d 145, 150 (2d Cir. 2020). The government, relying on the Supreme Court's decision in *Davis v. United States*, 589 U.S. 345, 346–47 (2020) (per curiam), argues that ordinary plain-error review should apply to the alleged procedural error. We need not decide this issue because we conclude that the district court committed no error, let alone plain error, under either the relaxed or ordinary plain-error standard.

foreign conviction to justify an upward variance cannot be squared with its conclusion that the same conviction could not form the basis for a Section 4A1.3 departure for identical reasons."[3] Appellant's Br. at 23.    We disagree.

As a threshold matter, it is not clear from the record whether the district court specifically considered an upward departure under Section 4A1.3, let alone determined that Jordan's foreign conviction could not support such a departure.    To be sure, in discussing its consideration of the Guidelines, the district court stated in general terms:

> I also considered whether there is an appropriate basis for departure from the advisory guideline range, and while I recognize I have the authority to depart, I do not find any grounds warranting an upward or downward departure in this case, and I therefore decline to depart from the guideline range.

App'x at 139–40.    Importantly, neither side sought any type of departure under the Guidelines, and there was no discussion in the sentencing submissions, or at the sentencing proceeding, of any potential upward departure under Section 4A1.3 based on Jordan's foreign conviction. Moreover, as we have emphasized, "[t]here is no requirement that the court, in calculating the defendant's Guidelines-recommended range, *sua sponte* consider every conceivably applicable guideline."    *United States v. Alcius*, 952 F.3d 83, 88 (2d Cir. 2020).    Indeed, the district court is not even required to determine whether certain facts could form the basis of a Guidelines departure before it relies upon those facts to impose a non-Guidelines sentence.    *See United States v. Canova*, 412 F.3d 331, 358 n.28 (2d Cir. 2005) (observing that "a district judge can fairly consider policy statements concerning departures and fairly decide to impose a non-Guidelines sentence without 'definitively resolving' close questions regarding the 'precise meaning or application of a

---

[3] Section 4A1.3 provides, in relevant part:    "If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted."    U.S.S.G. § 4A1.3(a)(1).

4

departure policy statement.'" (alterations adopted) (quoting *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir. 2005))); *see also United States v. McGowan*, 315 F. App'x 338, 341 (2d Cir. 2009) (summary order) ("That some of the facts considered by the court could also have been potential bases for Guidelines departures, and that the court chose to impose a non-Guidelines sentence without determining precisely which departures hypothetically could apply, does not create procedural error.").

The district court had no obligation to consider every conceivable ground for a departure, including whether a prior conviction could form the basis for such departure, before imposing a non-Guidelines sentence based in part on that conviction. Therefore, we reject Jordan's contention that the district court's general statement about not identifying *sua sponte* any grounds for an upward or downward departure under the Guidelines necessarily "confirmed that [his] foreign conviction, and the paucity of information concerning it, could not justify an upward departure under Section 4A1.3." Appellant's Br. at 22. Nor is there any support in the record for Jordan's related contention that the district court's generalized statement about the absence of any grounds for a departure, without any reference to his prior conviction, "meant that the district court *affirmatively* determined that [his] prior conviction was not indicative of, among other things, [his] likelihood to commit further crimes or the corresponding need for individual deterrence." *Id*. (emphasis added). To the contrary, the district court's only specific reference to Jordan's prior conviction consisted of its determination that Jordan's return to prostitution-related criminal activity, after his incarceration in Cuba for his conviction related to such activity, "shows he has a lack of respect for the law and the need to deter future crimes by him." App'x at 157–58.

In any event, even assuming *arguendo* that the district court had specifically determined that an upward departure under Section 4A1.3 based on Jordan's prior conviction was

5

unwarranted, that determination would not preclude an upward variance based, in part, on that conviction. Title 18 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Furthermore, as we have explained, a "departure refers only to non-Guidelines sentences imposed on the basis of factors *within* the framework set out in the Guidelines, whereas a variance is a modification of the applicable Guidelines sentence that a District Court may find justified under sentencing factors *extrinsic* to the Guidelines—namely, those set forth in 18 U.S.C. § 3553(a)." *United States v. Sealed Defendant One*, 49 F.4th 690, 697 (2d Cir. 2022) (alterations adopted) (internal quotation marks and citation omitted); *see also United States v. Anati*, 457 F.3d 233, 236–37 (2d Cir. 2006) ("A departure results from a circumscribed opportunity to sentence above or below that range based on specific considerations. A non-Guidelines sentence results from a somewhat broader opportunity to sentence above or below that range based on a consideration of the factors outlined in section 3553(a)."), *abrogated on other grounds by Irizarry v. United States*, 553 U.S. 708, 713 n.1 (2008). Therefore, even if certain facts are insufficient to warrant an adjustment or departure under the Guidelines, those same facts, either in isolation or in combination with other facts, can still be used to support a variance under the applicable Section 3553(a) factors. *See, e.g.*, *Alcius*, 952 F.3d at 88 ("[T]he fact that there has been no suggestion that the defendant's perjury warrants an increase in her advisory-Guidelines offense level does not impede the court's consideration of that perjury in determining an appropriate sentence in accordance with § 3553(a)."); *United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir. 2006) ("[I]n formulating a reasonable sentence a sentencing judge must consider 'the history and characteristics of the defendant' within the meaning of 18 U.S.C. § 3553(a)(1), as well as the other factors

enumerated in § 3553(a), and should take under advisement any related arguments, including the contention that a defendant made efforts to cooperate, even if those efforts did not yield a Government motion for a downward departure pursuant to U.S.S.G. § 5K1.1."), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338, 346 (2007); *see also United States v. Wimble*, 387 F. App'x 63, 65 (2d Cir. 2010) (summary order) ("To the extent the appellant suggests that a sentencing court may not consider the same factors—such as a defendant's criminal conduct, his history and character, and other relevant circumstances—through the exercise of its discretion under § 3553(a) that it considered elsewhere in the Guidelines calculation, we firmly disagree.").

Here, the district court properly considered Jordan's prior conviction in Cuba under the Section 3553(a) factors, including the history and characteristics of the defendant, as well as the need for deterrence and for the sentence to promote respect for the law. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(2)(B). In particular, the district court noted that the prior conviction arose from the promotion of prostitution in Cuba and that, after spending eight years in prison for that conviction, Jordan began engaging in similar criminal activity almost immediately after returning to the United States in 2010. Thus, as noted *supra*, the district court concluded that "his conviction in Cuba, unfortunately, did not have the effect of convincing him to abide by the law or deter him from criminal activity upon his return," "[a]nd the fact that he so quickly resumed engaging in illegal activity, particularly criminal activity involving sex trafficking, shows he has a lack of respect for the law and the need to deter future crimes by him." App'x at 157–58. The district court then summarized its reasoning for concluding that the Guidelines range was insufficient to reflect a proper balancing of the Section 3553(a) factors and that an upward variance was necessary:

> I must consider the guideline range, and I have done that. The guideline range
> here, again, is 21 to 27 months. Sometimes the range captures the offense,

7

sometimes it overstates the offense. In this case, I believe that the guideline range of 21 to 27 months tremendously understates the seriousness of this offense and the harm caused to the defendant's victims. This was a large-scale national and, in fact, international [prostitution] ring that the defendant ran. He profited considerably from the crime, he took steps to conceal his criminal activity by laundering his illicit proceeds, and he caused real and permanent harm to multiple young women that he tried to recruit as sex workers, resorting to emotional and physical abuse.

App'x at 160. In short, even assuming *arguendo* that the district court specifically determined that an upward departure based upon Jordan's foreign conviction was unwarranted under Section 4A1.3, we find no procedural error in the district court's consideration of that prior conviction under the applicable Section 3553(a) factors to support its discretionary determination that a non-Guidelines sentence of sixty-months' imprisonment was appropriate after balancing all of the sentencing factors.

\* \* \*

We have considered Jordan's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8