06-3699-cr
*United States v. Reyes*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2008

(Submitted: January 14, 2009)                    Decided: February 19, 2009)

Docket No. 06-3699-cr

UNITED STATES OF AMERICA,

    *Appellee*,

        -v.-

JUAN REYES,

    *Defendant-Appellant.*


Before: LEVAL, CABRANES, and LIVINGSTON, *Circuit Judges.*

Defendant Juan Reyes appeals a sentence of 15 years' imprisonment, entered after he pleaded guilty to one count of assault resulting in serious bodily injury in aid of a racketeering activity in violation of 18 U.S.C. § 1959(a)(3). At sentencing, the District Court noted that the applicable Guidelines range was 92 to 115 months' imprisonment, which included a six-level enhancement based on the victim's injuries. However, the District Court determined that, pursuant to U.S.S.G. § 5K2.2, the extent of the victim's injuries warranted an upward adjustment from the recommended range, and sentenced defendant principally to a term of 15 years' imprisonment (180 months). We hold that the District Court did not engage in impermissible "double counting" of the victim's injuries because the six-level enhancement to the recommended Guidelines range did not consider the victim's injuries to the same extent permitted under U.S.S.G. § 5K2.2.

        Glenn A. Obedin, Central Islip, NY, *for Defendant-Appellant.*

        Richard P. Donoghue, Assistant United States Attorney (United

States Attorney Benton J. Campbell, and Assistant United States Attorney Emily Berger, *on the brief*), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY *for Appellee.*

PER CURIAM:

We consider in this opinion whether an upward adjustment in sentencing pursuant to Section 5K2.2 of the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."),[*] which applies where the victim has suffered "significant physical injury," constitutes impermissible "double counting" of a sentencing factor where the recommended sentencing range under the Guidelines already includes a six-level enhancement for "[p]ermanent or [l]ife-[t]hreatening [b]odily [i]njury."

Defendant Juan Reyes appeals from a July 26, 2006 judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*), convicting him, after a guilty plea, of one count of assault resulting in serious bodily injury in aid of a racketeering activity, in violation of 18 U.S.C. § 1959(a)(3). At a sentencing hearing held on July 26, 2006, the District Court determined that the recommended Guidelines range was 92 to 115 months' imprisonment, based in part on a six-level enhancement pursuant to U.S.S.G. § 2A2.2(b)(3)(C) for "[p]ermanent or [l]ife-[t]hreatening [b]odily [i]njury."[**] Upon consideration of the devastating extent of the victim's injuries—including testimony from the victim's wife that he was missing the left side of his brain and

---

[*] U.S.S.G. § 5K2.2 states, in relevant part:

> If significant physical injury resulted, the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the extent of the injury, the degree to which it may prove permanent, and the extent to which the injury was intended or knowingly risked. When the victim suffers a major, permanent disability and when such injury was intentionally inflicted, a substantial departure may be appropriate. If the injury is less serious or if the defendant (though criminally negligent) did not knowingly create the risk of harm, a less substantial departure would be indicated.

[**] U.S.S.G. § 2A2.2(b)(3)(C) actually mandates a seven-level enhancement for the infliction of permanent or life-threatening bodily injury. However, as defendant was also subject to a four-level enhancement for use of a dangerous weapon pursuant to U.S.S.G. § 2A2.2(b)(2), and U.S.S.G. § 2A2.2(b) caps at ten levels the permissible cumulative enhancements pursuant to U.S.S.G. § 2A2.2(b)(2) and U.S.S.G. § 2A2.2(b)(3), defendant received an effective six-level enhancement as a result of the injury he inflicted on his victim.

2

that she had been told he would "never wake up again"—and defendant's own admission that he participated in a brutal gang attack in which the victim was bludgeoned "with, among other things, a baseball bat," the District Court stated, "I'm going to upwardly depart based upon [U.S.S.G. §] 5K2.2, the seriousness of the injury, or the inflicted injury, which is the most serious one of all, other than death. Sometimes it's worse than death to the people who have to live with him." The District Court then sentenced defendant principally to a term of 15 years' imprisonment (180 months). Although defense counsel had earlier urged the District Court to impose a sentence within the recommended Guidelines range and to consider mitigating factors weighing against an upward adjustment, he did not object to the enhanced sentence.

The sole issue on appeal is whether defendant's sentence was unreasonable because, according to defendant, the District Court impermissibly "double counted" the severity of the victim's injuries when it made an upward adjustment pursuant to U.S.S.G. § 5K2.2. "Impermissible 'double counting' is the *judicial* augmentation of a defendant's sentence in contravention of the applicable statute or Sentencing Guideline." *United States v. Torres-Echavarria*, 129 F.3d 692, 699 (2d Cir. 1997); *see also United States v. Morris*, 350 F.3d 32, 37 (2d Cir. 2003) ("[A]s long as the court does not augment a sentence in contravention of the applicable statute or Sentencing Guideline, no forbidden double counting occurs." (internal quotation marks omitted)); *cf. United States v. Maloney*, 406 F.3d 149, 153 (2d Cir. 2005) ("[D]ouble counting is permissible in calculating a Guidelines sentence where . . . each of the multiple Guidelines sections applicable to a single act serves a distinct purpose or represents a discrete harm."); *United States v. Castellanos*, 355 F.3d 56, 60 (2d Cir. 2003) ("[A] district court may base two aspects of a Guidelines calculation on a single act where they serve different purposes.").

Following *United States v. Booker*, 543 U.S. 220 (2005), a district court has broad latitude to "impose either a Guidelines sentence or a non-Guidelines sentence." *United States v. Sanchez*, 517 F.3d 651, 660 (2d Cir. 2008). Our role is limited to examining a sentence for reasonableness, which is akin to review under an abuse-of-discretion standard. *See id.*; *see also Gall v. United States*, 128 S. Ct. 586, 591

3

(2007) (holding that "courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard"); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (citations and internal quotation marks omitted)). Even post-*Booker*, we review a district court's "interpretation of the . . . Guidelines *de novo*, . . . and . . . findings of fact under the clearly erroneous standard." *United States v. Mejia*, 461 F.3d 158, 162 (2d Cir. 2006) (citations omitted). Although the decision to adjust a sentence pursuant to U.S.S.G. § 5K2.2 is discretionary, *see id.* ("[T]he court *may* increase the sentence . . . ." (emphasis added)), the interplay of the two portions of the Guidelines presented in this case is a question of law, which we review *de novo*. However, "[w]here, as here, a defendant has failed to object to an alleged sentencing impropriety on the record in the district court, we review for plain error, requiring the defendant to establish (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Fuller*, 426 F.3d 556, 563 (2d Cir. 2005) (internal quotation marks omitted). "An error is 'plain' if it is 'clear' or 'obvious' at the time of appellate consideration." *United States v. Thomas*, 274 F.3d 655, 667 (2d Cir. 2001) (*en banc*).

In this case, defendant has not pointed to any passage of either the Guidelines or a statute that reflects a legislative intent to preclude the application of both the U.S.S.G. § 2A2.2(b)(3)(C) enhancement and a U.S.S.G. § 5K2.2 adjustment in a single sentence. *See Morris*, 350 F.3d at 37 ("Defendant has offered nothing in the . . . Guidelines or relevant statutes reflecting an intent to preclude the double counting the District Court employed, and has therefore not shown any impermissible double counting."). Although both U.S.S.G. § 2A2.2(b)(3)(C) ("[p]ermanent or [l]ife-[t]hreatening [i]njury") and U.S.S.G. § 5K2.2 ("significant physical injury") address injuries that are uncommonly severe, they are not identical. The very wording of U.S.S.G. § 2A2.2(b)(3)(C)—that an enhancement of seven levels is provided for "[p]ermanent *or* [l]ife-[t]hreatening [i]njury" (emphasis

4

added)—signifies that it is meant to apply either where the victim never fully recovers, *or* where the injury threatens the victim's life. An injury can be permanent, and thus qualify for the increase, even if it is less severe than the injury suffered by the victim in this case. *Cf.* U.S.S.G. 1B1.1 cmt. n.1(J) (indicating that injuries involving "substantial impairment of the function of a bodily member, organ, or mental faculty . . . or an obvious disfigurement" may qualify as permanent or life-threatening bodily injuries). Conversely, an injury can be life-threatening temporarily and yet have no long term effects following the victim's recovery. The adjustment provided by U.S.S.G. § 5K2.2 was employed, in this case, on account of an injury that was both permanent *and* exceptionally serious—in other words, an injury considerably graver than what is necessary to qualify for an increase under U.S.S.G. § 2A2.2(b)(3)(C). *Cf. United States v. Philiposian*, 267 F.3d 214, 219 (3d Cir. 2001) (affirming an upward adjustment under U.S.S.G. § 5K2.2, where the victim's injuries were already taken into account by the sentencing enhancement under U.S.S.G. § 2A2.2(b)(3)(C), but where the District Court found that those injuries were "above and beyond the typical case contemplated by the six-level adjustment and warranted further upward departure"). Indeed, U.S.S.G. § 5K2.2 expressly states,"When the victim suffers a *major, permanent disability* and when such injury was intentionally inflicted, a substantial departure may be appropriate" (emphasis added).

In any event, defendant's double-counting argument misses the point. After *Booker*, assuming the sentence is not based on a misunderstanding of the Guidelines, we will vacate a sentence only if it is unreasonable. In this case, the District Court correctly understood the Guidelines, and the sentence is not unreasonable.

We therefore conclude that the District Court did not engage in impermissible "double-counting" when it considered the victim's permanent and life-threatening injuries in departing upward from the recommended Guidelines range pursuant to U.S.S.G. § 5K2.2. Upon a review of the record before us, we find no basis to conclude that the upward adjustment was legal error or an abuse of discretion, much less plain error.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.