SUMMARY ORDER
Defendant Boris Alexeev pleaded guilty to one count of Hobbs Act robbery, see 18 U.S.C. § 1951(a), and one count of conspiracy to obstruct justice, see id. § 1512(c), (k), and was sentenced principally to a term of 168 months’ imprisonment and $215,264.61 in restitution. Alexeev submits that various procedural errors render this sentence unreasonable. See United States v. Cavera, 550 F.3d 180, 187, 190 (2d Cir.2008) (en banc). We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
1. Obstruction Enhancement
Alexeev challenges the district court’s calculation of his Guidelines sentencing range insofar as it included a two-level increase in his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Alexeev contends that insufficient evidence was offered at sentencing to establish that, at the time of his obstructive conduct, there was a pending investigation into the underlying Hobbs Act robbery. Because Alexeev did not raise this argument below, we review only for plain error, see United States v. Reyes, 557 F.3d 84, 87 (2d Cir.2009), and we identify none in this case. Alexeev pleaded guilty to obstructing justice by directing a co-conspirator to destroy evidence in order to “hide all traces” of the Hobbs Act robbery. Plea Tr. at 17. Moreover, during the plea proceedings, the government proffered that, prior to this conduct, it had convened a grand juiy to investigate the criminal conduct of the defendant and his confederates. The district court did not plainly err in applying the § 3C1.1 enhancement on this record. See, e.g., United States v. Riley, 452 F.3d 160, 165-67 (2d Cir.2006) (holding that directing another to destroy evidence material to official investigation supports application of § 3C1.1 enhancement where defendant acted with intent to obstruct investigation into related criminal conduct); United States v. Ayers, 416 F.3d 131, 135 (2d Cir.2005) (“The ‘willfulness’ required by § 3C1.1 pertains to obstruction of ‘the administration of justice,’ not a particular investigation.”); see also *262 U.S.S.G. § 6A1.3(a) (providing that district court may rely upon any relevant information possessing “sufficient indicia of reliability to support its probable accuracy”).

2.Leadership Enhancement

Alexeev next challenges the application of a four-level increase in his offense level for acting as an organizer or leader of both the robbery and the obstruction crimes. See U.S.S.G. § 3Bl.l(a). Because Alexeev stipulated to the applicability of this enhancement in his plea agreement, see Plea Agreement at 5 (“The defendant stipulates to the above Guidelines calculation.”), review is foreclosed by the doctrine of true waiver. See United States v. Quinones, 511 F.3d 289, 321 (2d Cir.2007); United States v. Jackson, 346 F.3d 22, 24 (2d Cir.2003). Moreover, he raised no objection to the enhancement in the district court, which would, in any event, limit our review to plain error. See Fed.R.Crim.P. 52(b). We identify no such error here.
The revised presentence report recommended application of the § 3Bl.l(a) enhancement and described the factual basis for doing so, ie., that Alexeev (1) proposed to others that they abduct the victim and rob his apartment, and (2) directed a co-conspirator to destroy the evidence of the crime. As Alexeev raised no objection, the district court discussed these undisputed facts and noted that the applicability of the leadership enhancement was uncontested. Sentencing Tr. at 40-42, Mar. 19, 2008. Nothing more was required, see Fed. R.Crim.P. 32(i)(3)(A) (providing that the sentencing court “may accept any undisputed portion of the presentence report as a finding of fact”), and Alexeev’s post hoc, speculative, and conclusory assertions do not render the district court’s proper reliance on the record before it at sentencing plainly erroneous.
3. Consideration of Mitigating Circumstances
Alexeev contends the district court failed to satisfy its obligation under 18 U.S.C. § 3553(a) to consider mitigating circumstances regarding his health and family. The record belies this claim. Alexeev provided the district court with a lengthy written submission on these issues, and his counsel also referenced them at the sentencing proceeding. In imposing sentence, the court noted that it had carefully considered these submissions and arguments. It further indicated its awareness of its obligations under § 3553(a) prior to explaining why it did not think that these considerations warranted a reduced sentence. See Sentencing Tr. at 39-40, 42-43, Mar. 19, 2008. This was sufficient to discharge the district court’s obligation with respect to these issues. See United States v. Fernandez, 443 F.3d 19, 29-31 (2d Cir.2006). Moreover, to the extent Alexeev asserts error in the district court’s assessment of the weight to be accorded to consideration of his health or family circumstances, that argument necessarily fails where, as here, “the sentence ultimately imposed is reasonable in light of all the circumstances presented.” Id. at 32 (holding that, under such circumstances, “[t]he weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review”); see also United States v. Cavera, 550 F.3d at 191 (holding that, in reviewing reasonableness of sentence, “we do not consider what weight we would ourselves have given a particular factor,” but rather “whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case”).
4. Consideration of Prior Sentence
Alexeev’s faults the district court for not reducing his sentence to account *263 for the 30-month sentence for a prior extortion conviction that he finished serving two days before he was arrested in connection with this case, particularly insofar as the extortion was included as a predicate act in the racketeering counts charged in the indictment here. We identify no abuse of discretion in the district court’s rejection of this line of argument given (1) that Alexeev failed to identify either bad faith or unreasonable delay in the government’s prosecution of the instant case, see United States v. Los Santos, 283 F.3d 422, 428-29 (2d Cir.2002), and (2) that Alexeev did not plead guilty to the racketeering charge.
5. Restitidion
Finally, while Alexeev does not dispute that his robbery conviction requires that he pay restitution, he contends that the district court erred in (1) imposing a restitution amount consistent with the affidavit submitted by the victim and the revised presentence report without conducting a further inquiry, and (2) failing to give sufficient consideration on the record to his ability to pay. In reviewing such a challenge, “[o]ur task on appeal is to ensure both that the sentencing judge did not abuse his discretion by failing to consider” the relevant statutory factors, “and that the findings resulting therefrom were not in clear error.” United States v. Ben Zvi, 242 F.3d 89, 99-100 (2d Cir.2001) (internal quotation marks omitted). With respect to the amount of restitution imposed, the district court did not clearly err in imposing restitution in an amount consistent with the affidavit submitted by the victim given Alexeev’s failure to object to the assertions made therein. See id. at 100 (noting that district court does not abuse its discretion in relying on affidavit in calculating restitution); Fed.R.Crim.P. 32(i)(3)(A). Moreover, “[t]here is nothing in the present record to indicate that the district court failed to consider” Aleexev’s financial circumstances in ordering restitution, and, indeed, the payment schedule “is thoughtful and carefully calibrated to meet [those] circumstances.” United States v. Fiore, 381 F.3d 89, 98 (2d Cir.2004).
We have considered Alexeev’s other arguments and find them to be without merit. For the foregoing reasons, the judgment of conviction is AFFIRMED.