SUMMARY ORDER
Defendant McArthur Martin appeals from a judgment of the District Court, *882 entered May 22, 2008, convicting him— following a plea of guilty — to one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. The District Court sentenced defendant principally to a term of 180 months’ imprisonment, which was substantially below the sentencing range of 262 to 362 months’ imprisonment recommended by the United States Sentencing Guidelines (“Guidelines”). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
The sole issue on appeal is whether the District Court erred in declining to further reduce defendant’s sentence to reflect defendant’s attempts to cooperate with the United States Attorney’s Office for the Southern District of New York. Specifically, defendant argues that the District Court misapplied the sentencing factors outlined in 18 U.S.C. § 3553(a)[1] because, in defendant’s view, the record reflects the District Court’s “blanket disregard” (Appellant’s Br. 2) for defendant’s attempts to cooperate. As we observed in United States v. Reyes, 557 F.3d 84, 87 (2d Cir.2009), “Following United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a district court has broad latitude to impose either a Guidelines sentence or a non-Guidelines sentence.” Reyes, 557 F.3d at 87 (citation and internal quotation marks omitted). We examine a sentence only for reasonableness, which, as this Court noted in Reyes, “is akin to review under an abuse-of-discretion standard.” Id.; see, e.g., Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); United States v. Cavera, 550 F.3d 180, 190 (2d Cir.2008) (en banc); cf. Sims v. Blot, 534 F.3d 117, 132 (2d Cir.2008) (“A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions.” (alteration, citations, and internal quotation marks omitted)). As we have often stated, we do not “substitute our own judgement for the district court’s on the question of what is sufficient to meet the § 3553(a) considerations.” Cavera, 550 F.3d at 189. Provided that “the sentence resulted from the reasoned exercise of discretion, we ... defer heavily to the expertise of distinct judges.” Id. at 193.
■ In this case, the District Court expressly addressed defendant’s attempted cooperation and concluded, within its informed discretion, that defendant’s conduct did not merit a further reduction in defendant’s sentence. Specifically, the District Court stated at a sentencing hearing held on May 19, 2008, “It’s not at all clear to me that being caught, facing an extravagant sentence, [and] trying to do what he could to avoid that sentence, indicates a change in his life.” (J.A. 122). Although defendant disagrees with the District Court’s assessment of his attempted cooperation, the District Court has discretion to determine the relative weights of various factors in determining sentences. See United States v. Fernandez, 443 F.3d 19, 32 (2d Cir.2006) (“[T]he requirement that a sentencing judge consider an 18 U.S.C § 3553(a) factor is not synonymous with a requirement that the factor be given determinative or dispositive weight in the particular case.”) Because the District Court’s reasons were thoroughly explained and manifestly reasonable, we detect no error in defendant’s sentence.
*883 CONCLUSION
We have considered all of defendant’s arguments and find them to be without merit. For the foregoing reasons, we AFFIRM the May 22, 2008 judgment of the District Court.

. Title 18 U.S.C § 3553(a) states, in relevant part, “The Court, in determining the particular sentence to be imposed, shall consider— the nature and circumstances of the offense and the history and characteristics of the defendant.”