08-6228-cr
USA v. Sappleton

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

Present:   GUIDO CALABRESI,
           ROBERT A. KATZMANN,
                         *Circuit Judges*,
           DENNY CHIN,
                         *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

                 *Appellee*,

                 - v -                              No. 08-6228-cr

OWEN SAPPLETON,

                 *Defendant-Appellant.*

_____

For Defendant-Appellant:        DARRELL B. FIELDS, Federal Defenders of New
                                York, New York, N.Y.

For Appellee:                   AMIE ELY, Assistant United States Attorney
                                (Katherine Polk Failla, Assistant United States
                                Attorney, *on the brief*), *for* Preet Bharara,
                                United States Attorney for the Southern District
                                of New York, New York, N.Y.

---

[*] The Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Preska, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Owen Sappleton appeals from a December 17, 2008 judgment of the United States District Court for the Southern District of New York (Preska, *J.*), sentencing Sappleton principally to 57 months' imprisonment, following his entry of a guilty plea, for illegal reentry into the United States after having been deported following a conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The sole issue raised in this appeal is whether the district court's sentence of 57 months' imprisonment was unreasonable. We review the district court's sentence for reasonableness, "which is akin to review under an abuse-of-discretion standard." *United States v. Reyes*, 557 F.3d 84, 87 (2d Cir. 2009) (per curiam). Our review is both procedural and substantive. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). With respect to procedure, we examine whether "the sentence resulted from the district court's considered judgment as to what was necessary to address the various, often conflicting, purposes of sentencing." *Id.* at 189-90. With respect to substantive reasonableness, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantage of district courts." *Id.* "Our role is no more than to 'patrol the boundaries of reasonableness,'" *United States v. Stewart*, 06-5015-cr (L), 2009 U.S. App. LEXIS 28595, at *113 (2d Cir. Dec. 23, 2009) (quoting *Cavera*, 550 F.3d at 191), and we generally "will not substitute our own judgment for the district court's on the question of what is

2

sufficient to meet the § 3553(a) considerations in any particular case. We will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)) (citation and emphasis omitted).

Here, Sappleton does not argue — nor do we find — that the district court's sentence was procedurally unreasonable. Instead, Sappleton argues only that the sentence was substantively unreasonable given his troubled childhood, his relationship with his fiancee and her children, his purportedly minimal criminal record over the past 20 years, the alleged unlikelihood of recidivism, and alleged disparities between the illegal reentry Guidelines range and the ranges for other, purportedly more serious crimes. We disagree, and conclude that the district court did not abuse its discretion in imposing a sentence of 57 months' imprisonment, a sentence below the Guidelines range set forth in Sappleton's PSR, and at the bottom of the range set forth in the government's *Pimentel* letter.

Specifically, the record makes clear that the district court carefully took into account Sappleton's personal circumstances when fashioning its sentence, and balanced those concerns against other factors, including the seriousness of Sappleton's criminal history, the need for deterrence, and the need to protect the public. It was not unreasonable for the district court to do so. *United States v. Jones*, 460 F.3d 191, 195 (2d Cir. 2006) (noting that the sentencing court is not precluded from considering its "own sense of what is a fair and just sentence under all of the circumstances"). Although Sappleton notes that his most recent crimes — other than the instant offense — were misdemeanor marijuana offenses, the district court took that concern into account when it granted Sappleton a downward departure as to his Criminal History Category.

3

Moreover, although Sappleton argues that the district court's sentence failed to adequately reflect his age and correspondingly low risk of recidivism, Sappleton did not raise this argument below, and we thus review this objection for plain error. *See United States v. Carter*, 489 F.3d 528, 537 (2d Cir. 2007). Given that Sappleton committed four narcotics offenses after illegally reentering the country, with the most recent offense occurring less than one month before his arraignment in this action, we cannot conclude that the district court committed plain error when it declined to reduce Sappleton's sentence based on an alleged unlikelihood of recidivism. Likewise, although Sappleton argues that his sentence should have been lower in light of alleged disparities between the illegal reentry Guidelines range and the ranges for certain other crimes, in the circumstances of this case we see no error in the district court's sentence.

In short, given Sappleton's criminal history, the need for deterrence, the need to protect the public from further crimes, and the other factors enumerated in section 3553(a), this case does not present one of the "exceptional cases" where the district court's decision "cannot be located within the range of permissible decisions." *Rigas*, 490 F.3d at 238.

We have considered Sappleton's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
