LOHIER, Circuit Judge,
concurring.
I agree with the majority’s resolution of virtually every issue on appeal, including *606 the challenged enhancement under United States Sentencing Guideline § 3C1.1. Even the ultimate outcome reached by the majority on the double counting issue under § 2K2.1(b)(5), § 2K2.1(b)(6)(B), and § 2K2.1’s Application Note 13(D) is sensible. But I am not convinced that these provisions unambiguously work in tandem to preclude application of the other-felony-offense enhancement to Liddon Young as impermissible double counting. Because the provisions, and the intended effect of Application Note 13(D) in particular, are in my view ambiguous, I would invoke the rule of lenity to uphold Young’s challenge to the enhancement. As to that issue, therefore, I concur in the judgment.
I.
We have suggested that double counting is impermissible only when the applicable Guideline or statute reflects an intent to preclude the application of two or more enhancements in a single sentence. See United States v. Reyes, 557 F.3d 84, 87 (2d Cir.2009) (“[Defendant has not pointed to any passage of either the Guidelines or a statute that reflects a legislative intent to preclude the application of both the ... enhancement and a[n] ... adjustment in a single sentence.”); United States v. Morris, 350 F.3d 32, 37 (2d Cir.2003) (holding that “[a]s long as the court does not augment a sentence in contravention of the applicable statute or Sentencing Guideline, no forbidden double counting occurs,” and concluding that “[defendant has offered nothing in the Sentencing Guidelines or relevant statutes reflecting an intent to preclude the double counting the District Court employed, and has therefore not shown any impermissible double counting”) (quotation marks omitted); cf. United States v. Vizcarra, 668 F.3d 516, 525-27 (7th Cir.2012) (summarizing Second Circuit precedent as such); but see United States v. Maloney, 406 F.3d 149, 152 (2d Cir.2005) (allowing double counting “where that is the result clearly intended by Congress and the Sentencing Commission”). This presumption in favor of double counting rests on the Commission’s general endorsement of the cumulative application of multiple adjustments in Application Note 4(A) to Guideline § 1B1.1.
The majority advances a narrow textual analysis of § 2K2.1(b)(5), § 2K2.1(b)(6)(B), and Application Note 13(D) and concludes that the “application of the other-felony-offense enhancement ... constituted impermissible double-counting clearly prohibited by the Guidelines.” As the majority reads Application Note 13(D), if § 2K2.1(b)(5) applies, then the application of § 2K2.1(b)(6)(B) is plainly confined to those cases in which at least one of the firearms was transferred directly “in connection with” another felony offense. Under this view, the enhancement under § 2K2.1(b)(6)(B) does not apply when the trafficker only has “reason to believe” that the firearms would facilitate another felony offense and the tie between the trafficking and the separate felony offense is weaker.
II.
As an initial matter, Young never advanced this analysis on appeal or before the District Court, and the Government has had no opportunity to rebut it. Setting that obstacle aside, however, there are three reasons to be somewhat skeptical of the majority’s analysis.
A.
First, the language of Application Note 13(D) does not clearly limit the application of § 2K2.1(b)(6)(B). Instead, the note refers exclusively to the “in connection with” language that appears in § 2K2.1(b)(6) when explaining the circumstances in *607 which double counting must (or, as the application note phrases it, “would”) occur. Had the application note further expressly-provided that an additional enhancement under § 2K2.1(b)(6) is permissible “only” when trafficking occurs more directly in connection with a felony, that language would plainly foreclose, as impermissible double counting, an additional enhancement under the “reason to believe” prong of § 2K2.1(b)(6). But Application Note 13(D) doesn’t expressly preclude double counting under the “reason to believe” prong of § 2K2.1(b)(6)(B); it certainly doesn’t do so with the clarity that we’ve come to demand before concluding that the Commission intended to preclude double counting. See, e.g., United States v. Leung, 360 F.3d 62, 68-69 (2d Cir.2004) (relying on an application note that “makes clear” the Commission’s intention with express language indicating that it would “prevent[ ] ‘double counting’ of offense behavior” (quoting U.S.S.G. § 3D1.2(e), cmt. n. 5)).
In fact, the immediately preceding sentence in Application Note 13(D) appears to explicitly endorse double ■ counting in a similar context. It instructs sentencing judges to “apply both subsections (b)(1) and (b)(5)” “[i]n a case in which three or more firearms were both possessed and trafficked.” Subsection (b)(5) is the trafficking enhancement, while subsection (b)(1) applies “[i]f the offense involved three or more firearms.” Following that sentence, it is entirely possible that the Commission intended that both enhancements “also would apply” (assuming their respective criteria are satisfied) in a case in which the transfer of firearms facilitated another nonfirearms felony.
Had the Commission actually intended to preclude double counting in this context through Application Note 13(D), it presumably would have also referred to subsection (b)(6)(A), which applies to a defendant who “transferred” a firearm with “knowledge, intent, or reason to believe” that it would be transported out of the United States, or continued to refer generally to subsection (b)(6), and not amended the note to refer only to subsection (b)(6)(B). The Commission added prong (A) to § 2K2.1(b)(6) in order to ensure that we treat that conduct in the same way that we treat the conduct now described in the second clause of subsection (b)(6)(B). See U.S. Sentencing Guidelines Manual app. C, amend. 753 (2011) (“Likewise, possessing or transferring a firearm with knowledge, intent, or reason to believe that it would be transported out of the United States is conduct sufficiently similar in seriousness to possessing or transferring a firearm with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense to warrant similar punishment.”). In doing so, the Commission cited United States v. Juarez, 626 F.3d 246 (5th Cir.2010), in which the Fifth Circuit affirmed the application of both § 2K2.1(b)(5) and § 2K2.1(b)(6) enhancements to the same conduct, namely, the transfer of firearms with reason to believe that they would be illegally smuggled into Mexico. The Commission’s stated purpose in amending § 2K2.1(b)(6) and its reliance on Juarez cast doubt on the majority’s suggestion that the Commission intended that both § 2K2.1(b)(5) and § 2K2.1(b)(6)(A) would apply to a defendant who transfers firearms with reason to believe that the firearms will be exported, but that only § 2K2.1(b)(5) would apply to a defendant who transfers firearms with reason to believe that the firearms will be used in connection with a felony offense in the United States.
B.
The second reason to be skeptical of the majority’s analysis is that *608 § 2K2.1(b)(5) and § 2K2.1(b)(6)(B) (including the “reason to believe” clause of the latter provision) tackle different harms. See Maloney, 406 F.3d at 153 (“[W]e have consistently held that double counting is permissible in calculating a Guidelines sentence where, as here, each of the multiple Guidelines sections applicable to a single act serves a distinct purpose or represents a discrete harm.”). The trafficking enhancement under § 2K2.1(b)(5) applies when a defendant transfers two or more firearms with reason to believe that the firearms would be used unlawfully, whether or not the unlawful use constitutes a felony. Subsection (b)(6)(B) applies if at least one of these firearms is transferred directly or indirectly in connection with a felony; to my mind, the conduct captured by the subsection represents a greater harm and risk of harm than merely using a firearm unlawfully. And I have trouble seeing how a gun trafficker who transfers at least one firearm with “reason to believe” that it would be used in connection with another felony offense is less culpable in any meaningful way than a trafficker who does so directly in connection with another felony offense.
C.
Third, no court has adopted the majority’s interpretation of Application Note 13(D). To the contrary, our sister circuits have affirmed the imposition of both enhancements under what appear to be similar circumstances. See, e.g., United States v. Fields, 608 Fed.Appx. 806 (11th Cir. 2015); United States v. Stebbins, 523 Fed.Appx. 1, 2 (1st Cir.2013).
For these reasons, I would conclude that the two Guidelines provisions and Application Note 13(D) neither clearly permit nor clearly preclude double counting in this case.
III.
As I explained above, however, our precedent appears to presume that the Commission intends to permit double counting in the absence of a clear bar. See, e.g., Reyes, 557 F.3d at 87.
In the context of an application note that injects ambiguity, the presumption is simply wrong-headed insofar as it means that textual ambiguity — which may in some cases, as here, overlap with the absence of a “clear” bar against double counting' — • works to the disadvantage rather than advantage of defendants at sentencing. Such a presumption runs counter to the rule of lenity, which requires that we resolve any relevant ambiguity in Young’s favor, not against him.[1] See Robers v. United States, — U.S. -, 134 S.Ct. 1854, 1859, 188 L.Ed.2d 885 (2014) (“[T]he rule of lenity applies only if, after using the usual tools of statutory construction, [the court is] left with a grievous ambiguity or uncertainty in the statute.”) (quotation marks omitted). *609 I would abandon the effort to divine the absence of a clear bar to double counting under the Guidelines. Where, as here, the text of the relevant Guidelines provisions and application note is unclear about whether double counting is permitted, the rule of lenity should apply to foreclose it. I would vacate the sentence and remand on that basis.
For this reason I concur in the judgment with respect to the majority’s resolution of the double counting challenge, and I concur fully in its resolution of all the other issues on appeal.

. We have assumed without directly concluding that the rule of lenity applies to advisory (as opposed to mandatory) Guidelines after United States v. Booker, 543 U.S. 220, 259, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See United States v. McGee, 553 F.3d 225, 229 (2d Cir.2009) (applying the rule of lenity, without analysis, to the advisory Guidelines, citing United States v. Simpson, 319 F.3d 81, 86-87 (2d Cir.2002) (holding that the rule of lenity applies to the mandatory Guidelines)); United States v. Rivera, 662 F.3d 166, 186 (2d Cir. 2011) (Katzmann, J., concurring) (assuming that the rule of lenity applies to the advisory Guidelines). In my view, the rule of lenity continues to play a vital role in the interpretation of the Guidelines, notwithstanding their advisory nature, because sentencing judges remain procedurally bound to calculate the Guidelines range. But see United States v. Wright, 607 F.3d 708, 716-20 (11th Cir.2010) (Pryor, J., concurring) (explaining why the rule of lenity should not apply to the interpretation of advisory Guidelines).