**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4300**

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

   v.

JAMES LEE SARRATT, JR.,

       Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Bruce H. Hendricks, District Judge.  (7:16-cr-00847-BHH-1)

Submitted:  December 6, 2018                Decided:  January 31, 2019

Before MOTZ and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Jennifer E. Wells, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

During a domestic argument with his girlfriend, James Lee Sarratt, Jr., produced a loaded pistol. Travis Petty, who was in the residence, attempted to intervene and ultimately was shot in the abdomen while struggling with Sarratt. Based on this incident, Sarratt was charged with, and pled guilty to, violating 18 U.S.C. § 922(g)(1), which prohibits a convicted felon from possessing a firearm. Thereafter, the district court sentenced him to 108 months, which is the top end of his 87-108 month advisory sentencing range. Sarratt now appeals, arguing that the court procedurally erred in two respects: (1) by finding that Petty sustained permanent or life-threatening bodily injury and, consequently, applying the four-level enhancement set forth in U.S.S.G. § 2A2.1(b)(1)(A); and (2) by failing to adequately explain the reasons for his sentence. *See generally United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (discussing procedural sentencing errors). For the following reasons, we affirm.

We first address Sarratt's challenge to the § 2A2.1(b)(1)(A) enhancement. To assess whether the district court properly calculated the advisory range, including its application of a sentencing enhancement, we review its legal conclusions de novo and its factual findings for clear error. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018). We will find clear error only if we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted).

Under § 2A2.1(b)(1)(A), "permanent or life-threatening bodily injury" is defined as "injury involving a substantial risk of death; loss or substantial impairment of the

2

function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent."[1] Sarratt does not contest the fact that he shot Petty in the abdomen, but he argues that the evidence is insufficient to establish the extent of Petty's injuries and, therefore, to support the district court's finding that Petty suffered permanent or life-threatening bodily injury. We disagree. At sentencing, the government presented uncontested evidence that after Sarratt shot Petty in the abdomen at close range, Petty was taken to the Spartanburg Regional Medical Center. Although gunshot victims who have relatively minor gunshot wounds are often treated in the Center's regular emergency room, Petty was initially treated in the Center's trauma bay, which is reserved for "high risk injuries," J.A. 32, and was then quickly transported to surgery. Based on this record, we cannot conclude that the district court clearly erred in finding that Petty suffered "permanent or life-threatening bodily injury" within the meaning of § 2A2.1(b)(1)(A). *See generally United States v. Reyes*, 557 F.3d 84, 88 (2d Cir. 2009) (noting that "an injury can be life-threatening temporarily and yet have no long term effects following the victim's recovery").

We now address Sarratt's contention that the district court failed to adequately explain the reasons for his sentence. To resolve this issue, we must consider whether the record establishes that the court made an individualized assessment by applying the relevant 18 U.S.C. § 3553(a) factors to the defendant's specific circumstances. *United*

---

[1] The Application Notes to § 2A2.1 incorporate the definition of "permanent or life-threatening bodily injury" from the Application Notes of U.S.S.G. § 1B1.1.

3

*States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). Although this individualized assessment need not be elaborate or lengthy, it must be adequate to allow meaningful appellate review. *Id.* at 330.

At sentencing, the government asked the district court to sentence Sarratt at the top of the advisory sentencing range. The government specifically pointed to his prior criminal history, which includes convictions for unlawfully carrying a weapon, domestic violence, drug crimes, and accessory after the fact to murder. The government noted that Sarratt failed to comply with his probation terms for several of these convictions. Although the government acknowledged that these prior convictions were relatively remote in time and that Sarratt has attempted to maintain recent employment, it emphasized the severity of the incident which led to Petty being shot. In response, Sarratt argued for a sentence at the low end of the advisory range, citing his relatively clean recent criminal history record, his family and work history, his effort to obtain his GED, and his contention that he shot Petty in self defense.

Before imposing the 108-month sentence, the district court found for purposes of calculating the advisory sentencing range that Sarratt's "conduct in brandishing a loaded firearm during an argument in a residence full of people was at least reckless and wanton and a gross deviation from a reasonable standard of care of such a nature to support an inference that [he] was aware of a serious risk of death or serious bodily injury." J.A. 55. The court later explained that it had considered both the advisory guidelines and the § 3553(a) factors, and it specifically noted that the underlying conduct was a dangerous offense involving the firing of a weapon and a serious life-threatening injury. Although

4

the court's explanation regarding the sentence is relatively brief, we are satisfied from the record that the court properly made an individualized assessment based on the specific circumstances of this case.

Based on the foregoing, we affirm Sarratt's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*