18-1489-cr
United States v. Rodriguez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 8th day of July, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
             RICHARD J. SULLIVAN,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                           *Appellee*,

          v.                                              18-1489-cr

NEFTY RODRIGUEZ,

                           *Defendant-Appellant*.

_____

For Appellant:          Moira L. Buckley, Assistant Federal Defender, *for* Terry S. Ward, Federal Defender, Hartford, CT.

For Appellee:           Jocelyn Courtney Kaoutzanis, Marc H. Silverman, Assistant United States Attorneys, *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Meyer, *J*.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Defendant-Appellant Nefty Rodriguez appeals from a judgment entered on May 3, 2018, in the United States District Court for the District of Connecticut (Meyer, *J.*), sentencing him to 48 months' imprisonment for his conviction after a plea of guilty of possession with intent to distribute and distribution of heroin and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Rodriguez primarily argues that: (1) the district court committed procedural error in its upward variance or departure by relying on Section 5K2.2 of the Sentencing Guidelines, which accounts for the extent of the victim's injury, and Rodriguez's Facebook posts as bases for an increased sentence, and (2) the district court's sentence was substantively unreasonable. We reject each argument in turn.

First, the district court did not commit procedural error. We look to whether the district court erred by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court did not commit procedural error here. Under Section 5K2.2, the victim's permanent physical injury was a proper basis for increasing the sentence. *See United States v. Reyes*, 557 F.3d 84, 88 (2d Cir. 2009).[1] Additionally, the district court did not err by relying in part on Rodriguez's Facebook posts in its sentencing decision; its discussion of the posts centered on their accurate content, not on clearly erroneous facts, and the district court adequately explained its chosen sentence.

Second, Rodriguez's sentence was not substantively unreasonable. "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion. . . ." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). Rodriguez argues that the sentence was substantively unreasonable because "none of the factors cited by the district court as justifying the sentence remove it from the realm of typical drug distribution cases," and this case is "in the heartland of § 2D1.1 cases." Appellant's Reply Br. at 4. But the victim's permanent physical injury takes this case out of the

---

[1] The district court also stated that, in the alternative, it would have increased Rodriguez's sentence on the basis of Section 5K2.2, which provides that "[i]f significant physical injury resulted, the court may increase the sentence above the authorized guideline range" based on considerations such as "the extent of the injury, the degree to which it may prove permanent, and the extent to which the injury was intended or knowingly risked." U.S.S.G. § 5K2.2. In determining whether the government has presented sufficient facts to justify an upward departure under Section 5K2.2, courts must apply the preponderance of the evidence standard. *See United States v. Rivalta*, 892 F.2d 223, 230 (2d Cir. 1989). Here, the record clearly supports such findings to justify a departure under Section 5K2.2.

"heartland." Against this backdrop of permanent injury, a 48-month sentence is well within "the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

We have considered the remainder of Rodriguez's arguments and find them to be without merit. Accordingly, we hereby AFFIRM the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk