*United States v. Taylor*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty-five.

Present:
> REENA RAGGI,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                                    24-2798

SHANE TAYLOR,

> *Defendant-Appellant.*

---

FOR DEFENDANT-APPELLANT:          Jay S. Ovsiovitch, Federal Public Defender's Office, Western District of New York, Rochester, NY.

FOR APPELLEE:          Monica Jay Richards, *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the judgment entered on October 7, 2024 of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**, except that the case is **REMANDED** with instructions to amend the written judgment to strike the special condition pertaining to polygraph testing.

Shane Taylor pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and was sentenced to 120 months' imprisonment to be followed by a five-year term of supervised release. Following his term of imprisonment and while he was on supervised release, Taylor was charged with multiple violations of the conditions of his supervised release. He admitted to violating a condition of supervised release requiring him to provide Probation with advance notice before using computers, automated services, or connected devices. Taylor pleaded guilty to the supervised release violation pursuant to a plea agreement, which stated that "the maximum possible sentence [for this charge] is a term of imprisonment of two years and a term of supervised release of five years less any term of imprisonment that is imposed upon revocation of supervised release." App'x at 82.

Taylor received a ten-month term of imprisonment with a five-year term of supervised release to run upon his release. At sentencing, the court imposed "all the same standard and special conditions which were imposed by the Court at the time of the original sentence." App'x at 104. The written judgment added an additional special condition that Taylor "submit to polygraph, computerized voice stress analyzer or other such testing." *Id.* at 112. Taylor now challenges both the length of his new term of supervised release and the special condition

pertaining to polygraph testing.    We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a sentence for procedural and substantive reasonableness under a 'deferential abuse-of-discretion standard.'"    *United States v. Castillo*, 896 F.3d 141, 148 (2d Cir. 2018) (quoting *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014)).    "A district court retains wide latitude in imposing conditions of supervised release, and we therefore review a decision to impose a condition for abuse of discretion."    *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008).    But "[w]e review questions of law *de novo*."    *Castillo*, 896 F.3d at 148.

Ordinarily, if "a defendant has failed to object to an alleged sentencing impropriety on the record in the district court, we review for plain error."    *United States v. Reyes*, 557 F.3d 84, 87 (2d Cir. 2009) (quotation marks omitted).    To show plain error, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."    *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration accepted) (quotation marks omitted).    "But when the point of law on appeal is a term of the defendant's sentence and the defendant lacked prior notice in the district court that the term would be imposed, we will review the issue de novo even if the defendant failed to raise an objection in the district court."    *United States v. Washington*, 904 F.3d 204, 207 (2d Cir. 2018).

## I.    The Five-Year Term of Supervised Release

The district court did not plainly err when it sentenced Taylor to serve a five-year term of supervised release following his release from imprisonment.    That sentence was near the

minimum authorized by governing law, and the district court adequately explained how the sentence was reasonably related to the relevant statutory factors.

Taylor argues the district court should have reduced the five-year term of supervised release by the ten-month term of imprisonment it imposed. He argues that "[a] total term of a revocation sentence, *i.e.*, the term of imprisonment and the term of supervised release, cannot exceed the original term of supervised release," which was five years. Appellant's Br. at 13. But that is not the law.

The permissible length of a revocation sentence depends on the term of supervised release that was *authorized* for the original offense, not the term of supervised release that was originally imposed. Under 18 U.S.C. § 3583(e)(3), the court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." And when a term of supervised release is revoked and a defendant is required to serve a term of imprisonment, 18 U.S.C. § 3583(h) authorizes the court to impose a term of supervised release, the length of which "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Finally, 18 U.S.C. § 3583(k) sets the term of supervised release for Taylor's original conviction under § 2252A(a)(5)(B): "the authorized term of supervised release under section . . . 2252A . . . is any term of years not less than 5, or life."[1]

_____

[1] In *United States v. Haymond*, a splintered Court sustained a challenge to the constitutionality of § 3583(k). 588 U.S. 634, 648-50, 56-58 (2019). *Haymond* involved a challenge to the last two sentences of § 3583(k), not at issue here, which required a judge to impose a mandatory minimum term of imprisonment after finding by a preponderance of the evidence that a defendant had committed specific new offenses while on supervised release. Neither the plurality opinion, nor Justice Breyer's concurring opinion, provides a basis for invalidating the first sentence of § 3583(k), which sets the term of supervised release for specified offenses. We continue to recognize that § 3583(k) provides "the statutorily-

4

The statute thus sets the maximum term of supervised release that could be imposed on Taylor as the statutory maximum term of supervised release authorized for his underlying offense (life) minus the term of imprisonment to which he was sentenced (ten months) – not, as he maintains, the term of supervised release to which he was originally sentenced (five years) minus ten months.

On the facts of this case, that formula raises the conundrum of how to subtract ten months from the authorized sentence of "life."   We faced, and resolved, that conundrum in *United States v. Cassesse*, 685 F.3d 186 (2d Cir. 2012).   There, we held that because a certain number of months cannot literally be subtracted from a sentence that cannot be expressed in terms of months, the maximum term of supervised release in this situation remained supervised release for life.   *Id*. at 191.   Accordingly, Taylor's sentence to five years of supervised release did not exceed the maximum authorized by statute.

Taylor's reliance on *United States v. Russell*, 340 F.3d 450 (7th Cir. 2003), is misplaced. In *Russell*, the Seventh Circuit interpreted the 1988 version of 18 U.S.C. § 3583(e)(3), which then provided that a district court may "*revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release*," and did not explicitly authorize the imposition of a term of supervised release.   *Id.* at 452 (quotation marks omitted).   *Russell* did not interpret the key language, subsequently enacted by Congress to remedy that gap in the earlier version of the statute, that now authorizes such a sentence, and ties the length of the permissible supervised release term to the "term of supervised release authorized by statute."   18 U.S.C. § 3583(h); *see also Johnson v. United States*, 529 U.S. 694, 698 (2000) (explicating the effect of

---

authorized" term of supervised release for a child pornography conviction.   *See United States v. Mayer*, No. 21-0204-cr, 2022 WL 1447380, at *3 (2d Cir. May 9, 2022) (summary order).

5

the statutory changes).[2]   Accordingly, *Russell* provides no basis to deviate from the plain statutory text.[3]

Taylor's plea deal thus misstated the law when it said that the maximum term of supervised release Taylor faced is "a term of supervised release of five years less any term of imprisonment that is imposed upon revocation of supervised release."  App'x at 82.  In fact, this was the *minimum* term of supervised release authorized by statute.  *See* 18 U.S.C. § 3583(h), (k).  But even if the district court erred by failing to correct an understatement of the maximum term of supervised release before accepting Taylor's admission of supervised release violations, that would not rise to the level of plain error requiring a change in the sentence imposed.

Taylor failed to object at sentencing to the district court's decision not to subtract his term of imprisonment from the five-year term of supervised release.  And on appeal he does not argue that his plea was involuntary, nor does he ask us to set it aside.  Instead, he seeks a remand "with instructions that [the district court] correct the term of supervised release to account for the 10 months term of imprisonment."  Appellant's Br. at 15.  Where, as here, a defendant fails to state that he would not have pleaded guilty but for the erroneous understatement of the maximum possible sentence, we have rejected requests to remand for resentencing.  For example, in *United States v. Renaud*, the defendant sought to have his sentence reduced where his plea "stated that the maximum supervised-release term applicable to [defendant's] offense was one year," instead of the three-year sentence the court actually imposed.  999 F.2d 622, 623 (2d Cir. 1993).  We

---

[2] As the Seventh Circuit noted in *Russell*, the revised statute did not apply to Russell because it was adopted after the date of Russell's offense and did not have retroactive effect.

[3] The Eighth Circuit has reached the same conclusion.  *See United States v. Palmer*, 380 F.3d 395, 398 (8th Cir. 2004) (noting that an "available supervised release term is not measured by the term initially imposed by the district court, but by the term authorized . . . for the offense of conviction") (citation omitted).

rejected this request and explained that the proper remedy is "giving the defendant an opportunity to enter a new plea on the basis of correct information." *Id.* at 625. "When the defendant wishes, upon receiving complete and accurate information, to adhere to his original plea . . . no substantial right of the defendant has been affected, and the error must be deemed harmless." *Id.*; *see also United States v. Cacace*, 289 F. App'x 440, 443 (2d Cir. 2008) (no plain error where statutory maximum term of supervised release was higher than stated in the plea deal when the defendant "does not even *claim* on appeal that he would not have pled guilty had he known about the higher term"). Accordingly, even if the district court erred in accepting Taylor's plea without correcting the plea's misstatement of law, Taylor has not met his burden to show that such an error affected his substantial rights.

Taylor's argument that the five-year term of supervised release is "substantively unreasonable" fares no better. As a threshold matter, the five-year term of supervised release following Taylor's imprisonment is well below the authorized term of life. Indeed, this sentence is just ten months longer than the *minimum* statutorily authorized term. *See* 18 U.S.C. § 3583(h), (k). Nevertheless, Taylor argues that the sentence was substantively unreasonable because the district court did not adequately "consider the factors set forth in 18 U.S.C. § 3553(a)." Appellant's Br. at 16-17.

We find no plain error in the district court's consideration of the relevant statutory factors. The district court is required to consider a subset of the § 3553(a) factors when revoking a term of supervised release and determining the length and terms of a new term of supervised release. 18 U.S.C. § 3583(c), (e). "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that

the requisite consideration [required by 18 U.S.C. § 3583(e)] has occurred." *Cassesse*, 685 F.3d at 192 (alteration in original) (quoting *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005)). The court's explanation "requires no specific formulas or incantations; rather, the length and detail required of a district court's explanation varies according to the circumstances." *Id.* "Where, as here, the sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range, compliance with the statutory requirements can be minimal." *Id.*

Here, the district court emphasized Taylor's repeated violations of supervised release and also noted his sincerity and family circumstances. And the court stated that it "thought about th[e] [term of supervision] . . . very carefully." App'x at 106. This explanation is adequate to preclude a finding of plain error.

In sum, the district court did not plainly procedurally or substantively err in imposing a five-year term of supervised release without subtracting the ten-month term of imprisonment.

## II. The Polygraph Condition

"The right to presence generally requires that the terms of a defendant's sentence be orally pronounced by the court in the defendant's presence at the sentencing proceeding." *United States v. Maiorana*, No. 22-1115, 2025 WL 2471027, at *3 (2d Cir. Aug. 28, 2025) (en banc). Here, the district court orally pronounced "all the same standard conditions and special conditions which were imposed by the Court at the time of the original sentence." App'x at 104. But the written judgment included a special condition requiring Taylor to submit to polygraph testing which had not been imposed at the time of Taylor's original sentence. In light of this clear discrepancy between the written judgment and oral pronouncement, "the proper remedy is to remand for amendment of the written judgment." *United States v. Guard*, No. 23-6886, 2025 WL 2609446, at *13 (2d Cir. Sept. 10, 2025) (quotation marks omitted).

8

We thus remand with instruction to strike the unpronounced polygraph condition.

\* \* \*

We have considered Taylor's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**, except that the case is **REMANDED** with instructions to amend the written judgment to strike the special condition pertaining to polygraph testing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court